UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                        Case No. 07-cr-239 (JNE/FLN)(1)
                                                        ORDER

Dejuan Haywood Haggins,

        Defendant.

On May 27, 2008, Defendant Dejuan Haywood Haggins was sentenced to 188 months' imprisonment as a career offender under the U.S. Sentencing Guidelines. Haggins now moves to vacate his sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held unconstitutional the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. Though Haggins was not sentenced under the ACCA, the guidelines' career-offender enhancement, under which he was sentenced, includes an identical residual clause. Haggins asks this Court to apply *Johnson* retroactively to his guidelines sentence.

The Supreme Court has not made *Johnson* retroactive to guidelines claims. Even if this Court were nevertheless to apply *Johnson* to Haggins's guidelines sentence, Haggins would remain a career offender. To qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).[1] A "crime of violence" is a federal or state offense punishable by more than one year that: "(1) has as an element the use, attempted use, or threatened use of physical force

---

[1] In addition, a defendant's instant felony offense must be a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Haggins pled guilty to armed bank robbery, which is a crime of violence. *See* U.S.S.G. § 4B1.2, cmt. n. 1 (defining "crime of violence" to include robbery).

against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or," to quote the residual clause, "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 4B1.2(a)(1)–(2). Haggins has a 2000 conviction for third degree burglary, a 2007 conviction for aggravated first degree robbery, and a 2004 conviction for fourth degree assault. These prior convictions qualify as crimes of violence without resort to the residual clause. *See U.S. v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009) (holding that a third degree burglary conviction qualified as a violent felony); U.S.S.G. § 4B1.2, cmt. n. 1 (defining "crime of violence" to include robbery); *U.S. v. Schaffer*, 818 F.3d 796, 799 (8th Cir. 2016) (holding that an assault conviction qualified as a violent felony); *U.S. v. Harvey*, -- F. App'x --, 2016 WL 1696816, at *1 (8th Cir. Apr. 28, 2016) (per curiam) (holding that a second degree assault conviction qualified as a violent felony). Accordingly, even if *Johnson* applied to Haggins's guidelines claims, Haggins has more than enough prior felony convictions to qualify as a career offender. Thus, his motion fails.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, Haggins has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motion [Docket No. 62] is DENIED.

2. Defendant's motion to appoint counsel [Docket No. 64] is DENIED AS MOOT.

3. A certificate of appealability is DENIED.

Dated:  July 22, 2016

                                                s/Joan N. Ericksen  
                                                JOAN N. ERICKSEN  
                                                United States District Judge